**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-21629-MORENO**

**FRANCESCO LEFEBVRE D'OVIDIO,**

          **Plaintiff,**

**v.**

**ROYAL CARIBBEAN CRUISES LTD.,**

          **Defendant.**

_____

**<u>MOTION TO DISMISS COMPLAINT</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 2

MEMORANDUM OF LAW .................................................................................................... 4

I.      Dismissal Is Proper Because Plaintiff Failed to Join a Required Party .............................. 4

        A.      Manfredi Lefebvre and Heritage are indispensable parties to this action. ............... 5

        B.      The Rule 19(b) factors militate in favor of dismissal. ............................................ 7

II.     Dismissal Is Proper Because Plaintiff Fails to State a Claim for Relief ............................. 9

        A.      Count I fails to state a claim for relief under the Florida Uniform
                Fraudulent Transfer Act. ..................................................................................... 10

                i.      FUFTA's elements and statute of repose .................................................. 10

                ii.     Plaintiff alleges only that he is a creditor of Manfredi Lefebvre,
                        who did not transfer the Silversea shares because he never owned
                        the Silversea shares. ............................................................................... 12

                iii.    Plaintiff's claim is time-barred even if he was a proper creditor
                        with standing. .......................................................................................... 14

        B.      Count III fails to state a claim for unjust enrichment. ........................................... 15

        C.      The Complaint fails to state a claim for conversion (Count IV) or aiding
                and abetting conversion (Count V). ...................................................................... 17

        D.      Plaintiff is not entitled to declaratory relief (Count II). ........................................ 18

CONCLUSION ...................................................................................................................... 20

CERTIFICATE OF GOOD FAITH CONFERRAL ................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc*., 390 F. Supp. 2d 1170 (M.D. Fla. 2005) ........................................................................................................ 16, 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 9

*Brodsky v. USAA Gen. Indem. Co*., 2020 WL 231189 (S.D. Fla. Jan. 15, 2020) ......................... 19

*Carolina Cas. Ins. Co. v. Condor Aerial, LLC*, 2018 WL 5668505 (N.D. Fla. July 2, 2018) ............................................................................................................................ 9

*Chaparro v. Carnival Corp*., 693 F.3d 1333 (11th Cir. 2012) ...................................... 9

*Coccaro v. Geico Gen. Ins. Co*., 648 F. App'x 876 (11th Cir. 2016) ......................................... 18

*Dixon v. Lexington Ins. Co.*, 2020 WL 5038767 (S.D. Fla. Jan. 27, 2020) ................................. 19

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) ............................................................... 18

*Extraordinary Title Servs., LLC v. Fla Power & Light Co*., 1 So. 3d 400 (Fla. 3d DCA 2009) ............................................................................................................................ 15

*Fito v. Attorneys' Title Ins. Fund, Inc.*, 83 So.3d 755 (Fla. 3d DCA 2011) ............................... 15

*Fla. Wildlife Fed'n Inc. v. United States Army Corps of Engineers*, 859 F.3d 1306 (11th Cir. 2017) ......................................................................................................................... 4

*Focus on the Family v. Pinellas Suncoast Transit Auth*., 344 F.3d 1263 (11th Cir. 2003) ........... 4

*Franklin v. Curry*, 738 F.3d 1246 (11th Cir. 2013) ......................................................... 9

*Gasparini v. Pordomingo*, 972 So. 2d 1053 (Fla. 3rd DCA 2008)........................................... 13

*Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, N.A*., 2015 WL 12862724 (S.D. Fla. Aug. 20, 2015) ...................................................................................................................... 18

*Girard v. Am. Sec. Ins. Co*., 2016 WL 4264054 (S.D. Fla. Aug. 12, 2016) ............................... 20

*Guyana Tel. & Tel. Co. v. Melbourne Intern*., 329 F.3d 1241 (11th Cir. 2003) .......................... 15

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689 (11th Cir. 2005)......... 14

*In re Brit. Am. Ins. Co. Ltd.*, 607 B.R. 753 (Bankr. S.D. Fla. 2019) ............................................ 12

*Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, 2012 WL 1638377 (S.D. Fla. May 9, 2012) ......................................................................................................................................... 5

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ........................................................................................................................................ 16

*James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054 (11th Cir. 2022) ..................................... 19

*Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825 (11th Cir. 2017) .................... 15, 16

*Korman v. Iglesias*, 2018 WL 4410226 (S.D. Fla. June 28, 2018) ................................................ 13

*Lawrence v. Bank of Am., N.A.*, 455 Fed. Appx. 904 (11th Cir. 2012) ........................................ 18

*McMahan v. Toto*, 256 F.3d 1120 (11th Cir.2001) ....................................................................... 18

*Nat'l Union Fire Ins. Co. of Pa. v. Carib. Aviation, Inc.*, 759 F.2d 873 (11th Cir. 1985) .......... 18

*National Auto Serv. Ctrs. Inc. v. F/R 550, LLC*, 192 So. 3d 498 (Fla. 2d DCA 2016)................. 12

*Regions Bank v. NBV Loan Acquisition Member LLC*, 2022 WL 1499942 (S.D. Fla. May 12, 2022) ................................................................................................................................ 11, 13

*Rhein v. Kevelson*, 2014 WL 6694744 (S.D. Fla. Nov. 26, 2014) ............................................. 5, 6

*Sanchez v. Team Health, LLC*, 2021 WL 4990803 (S.D. Fla. Mar. 31, 2021) ............................ 19

*Seropian v. Wachovia Bank, N.A.*, 2010 WL 2949658 (S.D. Fla. July 26, 2010) ....................... 17

*Severstal Wheeling Inc. v. Lenroc Consulting, LLC*, 2021 WL 7630487 (S.D. Fla. Dec. 6, 2021) ........................................................................................................................................ 11

*Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, 2011 WL 13137386 (M.D. Fla. Nov. 15, 2011) ........................................................................................................................................ 17

*Spear Grp., Inc. v. Florida Power & Light Co.*, 2014 WL 272724 (S.D. Fla. Jan. 23, 2014) .......................................................................................................................................... 4

*Tracfone Wireless, Inc. v. US/Intelicom, Inc.*, 202 F.R.D. 321, 324 (S.D. Fla. 2001).................. 7

*Turner Ent. Co. v. Degeto Film GmbH*, 25 F.3d 1512 (11th Cir. 1994)........................................ 9

*United States v. Bailey*, 419 F.3d 1208 (11th Cir. 2005) ............................................................. 17

*United Techs. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009) ............................................ 17, 18

*Valiant Servs. Grp., LLC v. Com. Works, Inc.*, 2022 WL 738471 (M.D. Fla. Jan. 24, 2022) ............................................................................................................. 18

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ........................................................ 19

**Statutes**

28 U.S.C. § 1782 ........................................................................................................... 1

Fla. Stat. § 726.101 *et seq.* ........................................................................................ 10

**Rules**

Fed. R .Civ. P. 9(b) ..................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 9

Fed. R. Civ. P. 12(b)(7) ................................................................................................ 5

Fed. R. Civ. P. 19 ................................................................................................. passim

Fed. R. Civ. P. 8(a) ....................................................................................................... 9

Fed. R. Evid. 201(d) ................................................................................................... 13

Defendant hereby respectfully moves this Court to dismiss the Complaint of Plaintiff Francesco Lefebvre D'Ovidio against Defendant Royal Caribbean Cruises Ltd. ("Complaint") under Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure for the reasons set forth below.

## INTRODUCTION

Plaintiff Francesco Lefebvre D'Ovidio, an Italian national engaged in decades-long disputes in European courts with his Italian brother and other family members over a settlement agreement, brought this suit in an attempt to circumvent the Italian legal system, where issues at the heart of this action have been litigated for nearly 15 years and are currently with an Italian court of appeal – something the Plaintiff clearly knows because he previously, and unsuccessfully, sought discovery under 28 U.S.C. § 1782 discovery from this Court against Royal Caribbean Cruises Ltd. ("Royal Caribbean") to aid his efforts in Italy, which the Complaint egregiously omits.

In his haste to bring a claim against Royal Caribbean in this action, Plaintiff filed a Complaint that is legally insufficient because it (1) fails to join indispensable parties and (2) fails to state a claim for relief. *First*, by bringing this action in Florida, Plaintiff has created a situation where it is legally impossible to join as defendants persons and corporations in whose absence the court cannot afford complete relief to the parties. The essence of this action is Plaintiff's assertion of an interest in assets alleged to be in Royal Caribbean's possession or control. Plaintiff's interest in these assets in general, and *vis-à-vis* Royal Caribbean specifically, cannot be decided in the absence of (a) Manfredi Lefebvre, Plaintiff's brother, who is a party to the Italian litigation over ownership interests in the same assets and (b) Heritage, the company that allegedly transferred the assets to Royal Caribbean. But neither Manfredi nor Heritage are subject to the personal jurisdiction of this Court and, therefore, cannot be joined as parties. A judgement rendered by this Court in the absence of those indispensable parties would prejudice both the parties to this case and the parties who cannot be joined. From a practical perspective, no judgment of this Court could adequately resolve the issue of Francesco's interest in the assets. Because this action cannot proceed in equity and good conscience in the absence of Manfredi and Heritage, the Court should dismiss the action with prejudice.

*Second*, even if the Court determined that this action could proceed without joining the indispensable parties, Plaintiff has failed to plausibly state a claim for relief against Royal Caribbean in any of the five counts of the Complaint. The Complaint's factual allegations are

predominantly related to Francesco's underlying dispute with Manfredi and transactions between companies that pre-date Royal Caribbean's alleged acquisition of the assets from Heritage; as such, they provide little to no support for claims against Royal Caribbean.  As to Count I, Plaintiff failed to allege a basic element of fraudulent transfer under the Florida Uniform Fraudulent Transfer Act—a "transfer made *by* a debtor"—because he alleges throughout the Complaint that the debtor and the transferer were not the same person or entity.  That claim is also time-barred by a statute of repose.  Count II for declaratory judgment impermissibly seeks to resolve a disputed factual issue and seeks relief that can be afforded by adjudication of the other claims.  Finally, the Complaint's factual allegations fail to plausibly support the elements of unjust enrichment, conversion, and aiding and abetting conversion in Counts III, IV, and V.

## BACKGROUND

As alleged in the Complaint, for more than twenty years Plaintiff Francesco Lefebvre D'Ovidio has been engaged in a dispute with his brother, Manfredi Lefebvre, regarding various assets in which they and other members of their family have ownership interests.[1]  Compl. ¶ 3.  As part of an attempt to resolve that dispute, in 2001, Francesco and Manfredi entered into a settlement agreement ("Settlement Agreement").  *Id.*  At that time, Francesco and his wife owned the majority of the shares of Eurosecurities Corp., S.A., ("Eurosecurities") a Luxembourg holding company.  *Id.* ¶ 21.  Among other assets, Eurosecurities owned 100% of the shares of Silversea Holding, Inc., which in turn owned Silversea Cruise Holding Ltd. and Silversea Cruises Ltd. (collectively, "Silversea").  *Id.* ¶ 22.

Pursuant to the terms of the Settlement Agreement, Francesco transferred his and his wife's shares in Eurosecurities to an entity designated by Manfredi, Triani Corp. S.A. (Luxembourg).  *Id.* ¶¶ 6, 35.  According to the Complaint, the following corporate transactions then took place at the behest of Manfredi:

(a)  In June 2001, Triani transferred the shares of Eurosecurities to a Panamanian company named Despina Trading S.A. (Panama). *Id.* ¶ 35.

(b)  On May 5, 2004, Eurosecurities was liquidated and dissolved, with an entity named Vera Limited appointed as its liquidator. *Id.* ¶ 36.

---

[1]  To avoid confusion, the brothers will be referred to by their first names.

(c) In 2009, a Bahamian entity named Elle Group (Bahamas) became the owner of the Silversea entities. *Id.*

(d) At some point prior to July 31, 2018, the Silversea shares and assets were transferred to an entity named Heritage Cruise Holding Ltd. f/k/a Silversea Cruises Group Ltd. ("Heritage"), which merged with Elle Group before or after the transfer (the Complaint is unclear). *Id.* ¶ 38.

(e) On July 31, 2018, Royal Caribbean acquired 66.7% of the capital stock of Silversea and all its assets from Heritage. *Id.* ¶ 51.

(f) On July 9, 2020, Royal Caribbean acquired the remaining 33.3% of Silversea stock from Heritage. *Id.*

Notably absent from the Complaint are allegations that Francesco or Manfredi ever owned Silversea. Also absent from the Complaint are allegations that the alleged owners of Silversea – Eurosecurities, Triani, Despina, Elle Group or Heritage – ever owed a debt to Francesco.

Instead, Francesco goes to lengths to explain the convoluted history of the international, decades-long dispute with his brother. Suffice it to say for purposes of this motion that the dispute is far from over in Italy. In 2008, four years after Eurosecurities was dissolved, Francesco purported to terminate the Settlement Agreement and filed a lawsuit in Italy seeking a declaration that the Settlement Agreement was void *ab initio*. *Id.* ¶ 7. As alleged in the Complaint, Francesco's lawsuit in Italy seeks: 1) a finding that Manfredi did not fulfill his obligations under the Settlement Agreement; 2) a finding that the transfer of Francesco's interests in the shares of Eurosecurities is void; 3) restitution of the assets transferred to Manfredi under the Settlement Agreement; or alternatively 4) an order requiring Manfredi to pay Francesco for the value of the assets transferred to Manfredi under the Settlement Agreement. *Id.* ¶ 34. In the Complaint, Francesco describes the ongoing proceedings in Italy that resulted from his lawsuit (the "Italian Litigation"). *Id.* ¶¶ 34, 39-41. In 2015, the "Court of Appeal of Bologna" upheld the lower Court's decision, finding that Manfredi had fulfilled his obligations under the Settlement Agreement, which remained valid and Francesco was not entitled to relief. *Id.* ¶ 39. According to the Complaint, on June 21, 2018, the "Supreme Court" in Italy reversed and remanded the matter back to the Court of Appeal. *Id.* ¶ 40. The matter remains pending on appeal in Italy. *Id.* ¶ 41.

Days before the date set for closing on the transaction between Heritage and Royal Caribbean, Francesco's attorneys called Royal Caribbean's transactional attorneys and informed

them that Francesco claimed to be the rightful owner of Silversea. *Id.* ¶¶ 45-48. Francesco's attorneys presented Royal Caribbean with copies of the pleading underlying the Italian litigation between Francesco and Manfredi. *Id.* ¶ 48. It is undisputed that Heritage, the owner of Silversea and the seller in the transaction with Royal Caribbean, is not a party to the Italian litigation; neither are Eurosecurities, Triani, Despina, or Elle Group, all of which are corporate entities that at one point purportedly owned Silversea. Royal Caribbean proceeded to purchase Silversea from Heritage in a series of transactions in 2018 and 2020. *Id.* ¶ 51.

**MEMORANDUM OF LAW**

## I.    Dismissal Is Proper Because Plaintiff Failed to Join a Required Party

Rule 19 of the Federal Rules of Civil Procedure addresses when compulsory joinder of parties is required and what happens if a party cannot be joined. The Rule 19 analysis is a two-step inquiry. *See Fla. Wildlife Fed'n Inc. v. United States Army Corps of Engineers*, 859 F.3d 1306, 1316 (11th Cir. 2017). First, the court must determine whether the absent party should be joined as a "required" party pursuant to Rule 19(a)(1). *Id.* A party is "required" when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Second, if a required party cannot be joined, then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue. *Fla. Wildlife Fed'n*, 859 F.3d at 1316 (*quoting Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279–80 (11th Cir. 2003)). The Rule 19(b) factors are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Where, as here, joinder is "necessary," but is not "feasible," a court can and should exercise its discretion and dismiss a claim pursuant to Rule 12(b)(7). *See, e.g.*, *Spear Grp., Inc. v. Florida Power & Light Co.*, 2014 WL 272724, at *2 (S.D. Fla. Jan. 23, 2014) (dismissing complaint for

4

failure to join indispensable party); *Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, 2012 WL 1638377, at *2 (S.D. Fla. May 9, 2012) (dismissing complaint for failure to name all co-owners of a trademark); *Rhein v. Kevelson*, 2014 WL 6694744, at *3 (S.D. Fla. Nov. 26, 2014) (dismissing case where estate would be prejudiced if action proceeded in its absence); Fed. R. Civ. P. 12(b)(7).

### A.   Manfredi Lefebvre and Heritage are indispensable parties to this action.

Based on the Complaint's allegations, it appears that the central issue in this case is what ownership interests, if any, Francesco had in Silversea at the time Royal Caribbean acquired the stock of Silversea.  *See* Compl. ¶¶ 65, 70, 77, 85.  This issue forms the basis of Plaintiff's declaratory judgment claim and all of his claims for relief.  One would have expected the Complaint to allege facts demonstrating that Francesco owned Silversea at all relevant times prior to Royal Caribbean's acquisition.  But the Complaint does not allege that.  Rather, it appears that the gravamen of the Complaint is that in 2001 Manfredi breached a settlement agreement with Francesco pursuant to which Francesco transferred shares of stock in a holding company that itself wholly-owned Silversea, and Francesco has now sued his brother to remedy the alleged harms he purportedly suffered decades ago.

Not surprisingly, the 20-page Complaint is overwhelmingly directed at alleged conduct of Manfredi.  It contains 119 specific references to "Manfredi," including 98 references in the preliminary statement and factual allegation sections, which contain the substance of Plaintiff's allegations.[2]

It is undisputed that Francesco never directly owned Silversea.  Any interest he may have in Silversea stems from his ownership of shares of Eurosecurities dating back to 2001, before transferring those shares to an entity designated by Manfredi.  It is also undisputed that Francesco has not owned any share in Eurosecurities or any other corporate entity that owned Silversea for over 20 years.  Instead, Francesco claims Manfredi has exerted control over the entities that owned Silversea for the last 20 years, up to and including Heritage, the entity that purportedly sold the Silversea shares to Royal Caribbean.  Accordingly, the central issue in this case – the ownership of Silversea over the last 20 years – cannot be decided without Manfredi or Heritage.

---

[2]   By comparison, there are 80 references to "Royal Caribbean" in the Complaint, and only 34 of those are in the preliminary statement and factual allegations.

In *Rhein*, plaintiffs sought a declaration of their entitlement to an educational fund gifted to them by a friend before the friend's death.  Defendants in that action were the beneficiaries of the gift-giver's estate, who upon her death had sent a letter to plaintiffs demanding they return the gift.  The estate itself was not a party to the action.  The Court held that the estate was a required party under Rule 19(a) and in its absence the court could not afford complete relief because (1) any interest of defendants in the gift was "purely derivative" of the estate's interest, (2) as a non-party the estate would not be bound by the judgment and thus could seek the same relief against plaintiffs in a separate action rendering the case "basically pointless" without the estate.  Similar considerations suggest that complete relief cannot be accorded in the absence of Manfredi or Heritage.  Because Francesco's claimed ownership interest in Silversea (or the proceeds of the sale of Silversea to Royal Caribbean) cannot be decided without first addressing and resolving his underlying dispute with Manfredi, "the court cannot accord complete relief among existing parties" in the absence of Manfredi.  Fed. R. Civ. P. 19(a)(1)(A); *see also Rhein*, 2014 WL 6694744, at *3 (a nonparty is indispensable when the interests of a party are derivative of the interests of the nonparty).

Additionally, the actual seller of Silversea that transacted with Royal Caribbean is Heritage, a distinct Bahamian corporate entity.  If the Court were to decide there was a fraudulent transfer, the rights and obligations of Heritage as the seller of the Silversea stock would also be implicated.  Moreover, as Manfredi has been and continues to actively litigate several of the material underlying issues raised in this action in the Italian Litigation, it is apparent that Manfredi "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B).  Any finding by this court, in the absence of Manfredi and Heritage, that Francesco or Manfredi had an interest in Silversea – a necessary element to all of his claims – would fundamentally "impair or impede" Manfredi's "ability to protect that interest" in the ongoing Italian Litigation and elsewhere.  Fed. R. Civ. P. 19(a)(1)(B)(i); *see also Rhein*, 2014 WL 6694744, at *3 (holding that a nonparty was indispensable to an action to adjudicate entitlement to specific funds when the nonparty was a party to a previously-filed action in a different court to adjudicate entitlement to the same funds).

Finally, because this court is being asked to adjudicate many of the material underlying issues currently pending in the Italian Litigation, the parties to this action already face a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ.

P. 19(a)(1)(B)(ii).  Resolving this action without Manfredi or Heritage would further exacerbate that risk.  *See id.*  For these reasons, Manfredi and Heritage are required parties.

As this Court held in *Tracfone Wireless, Inc. v. US/Intelicom, Inc*., 202 F.R.D. 321, 324 (S.D. Fla. 2001), joinder is not feasible when the court lacks personal jurisdiction over the absent party.  Moreover, the fact that the court does not have jurisdiction over the absent party is no bar to dismissing the case as a result of the plaintiff's failure to join that absent party.  In fact, *Tracfone Wireless* involved an action for violation of a patent, where plaintiff had assigned a security interest in the patent to a non-party.  *Id.*  This Court determined that joinder of the non-party assignee was necessary to afford complete relief among existing parties under Rule 19(a), but that it did not have personal jurisdiction over the non-party, who was a resident of Pennsylvania without sufficient contacts with Florida, so the Court dismissed the case on this basis.  *Id.* at 324-25.

As the *Tracfone Wireless* court noted*,* in order to determine whether a court in Florida has personal jurisdiction over a nonresident: (1) "the court must determine whether the applicable state statute governing personal jurisdiction is satisfied" and (2) "the court must determine whether the exercise of personal jurisdiction by the court comports with the due process clause of the Fourteenth Amendment."  *Id.* (dismissing action pursuant to Rule 12(b)(7) where "there is no indication from the record that [nonresident required party] has any contacts with Florida to satisfy either Florida's long arm statute or due process clause of the Fourteenth Amendment").

Tellingly, there is no indication in the Complaint that Manfredi has any contacts with Florida whatsoever, let alone contacts sufficient to satisfy either Florida's long-arm statute or the due process clause of the Fourteenth Amendment, and Royal Caribbean is not aware of any such contacts.  While the Complaint does not allege Manfredi's place of residency, it alleges that Manfredi is the brother of an Italian citizen, has ties to Italy, is subject to the jurisdiction of Italian courts, and has or had interests in Luxembourg and Bahamas companies.  Heritage is a Bahamian company with no known contacts in Florida, and the Complaint does not allege any such contacts.  Accordingly, the Court lacks personal jurisdiction over Manfredi and Heritage and joinder is not feasible.

### B.      The Rule 19(b) factors militate in favor of dismissal.

The Rule 19(b) factors strongly suggest that this case should be dismissed.  First, a judgment in this case rendered in Manfredi's or Heritage's absence would severely prejudice Manfredi and Heritage.  *See* Fed. R. Civ. P. 19(b)(1).  Francesco's ability to undo 20 years of

corporate transactions to obtain an ownership interest in Silversea (when he never had such ownership interest to begin with) or in companies that formerly owned Silversea, based on an alleged breach of a 2001 settlement agreement with his family, will be determined in the Italian Litigation, where Francesco and Manfredi have had an opportunity to fully brief the issues before the Italian trial court and on appeal.  Compl. ¶¶ 34, 39-41.  For the Court to render a judgment on the merits in this action would require it to make factual findings on many of the same issues pending before the appellate court in Italy, where Manfredi is a party.  These, at minimum, include whether Francesco actually is a creditor of Manfredi and whether Francesco even has a remedy available to him to take ownership of Silversea stock.

The prejudice to Manfredi would be insurmountable if the Court in this action provided Francesco a solo escape route from the Italian Litigation by adjudicating these issues without Manfredi present to defend his interests.  Likewise, a judgment entered in favor of Francesco and against Royal Caribbean in the absence of Manfredi and Heritage would be highly prejudicial to Royal Caribbean, who had no involvement in the underlying dispute between the brothers that has involved Francesco claiming an ownership interest in Silversea that, by his allegations, pre-dates the acquisition of Silversea by Royal Caribbean.  *See id.* ¶¶ 21-42.  And the judgment that Plaintiff is seeking is not merely declaratory; in the absence of Manfredi and Heritage, Francesco's allegations suggest damages in the hundreds of millions of dollars.  *See id.* ¶ 41.  Allowing this action to proceed in the absence of Manfredi and Heritage would result in extreme prejudice to Manfredi, Heritage and to Royal Caribbean.  For these same reasons, no judgment in this case, absent Manfredi and Heritage, could be adequate to resolve the issues presented in this case regarding ownership of Silversea.  *See* Fed. R. Civ. P. 19(b)(3).

Second, the prejudice resulting from Manfredi's and Heritage's absence could not be lessened or avoided by any action of this Court short of dismissal.  *See* Fed. R. Civ. P. 19(b)(2).  The prejudice to Manfredi, Heritage and to Royal Caribbean were this case to proceed with only the existing parties is not the kind of prejudice that could be resolved by a judicial remedy such as a protective order.  The absence of Manfredi and Heritage would poison and prejudice the entire case from the outset.  If the court attempted to avoid this prejudice by, for example, prohibiting the introduction of evidence related to conduct that occurred prior to Royal Caribbean's acquisition of Silversea, then dismissal would be the only appropriate remedy, because Plaintiff's claims are

dependent on actions that pre-date the involvement of Royal Caribbean.  There is no practical way, short of dismissal, for this action to proceed without Manfredi.

Finally, Plaintiff would – and indeed does – have an adequate remedy if the action were dismissed for nonjoinder.  *See* Fed. R. Civ. P. 19(b)(4).  The existence of an adequate alternative forum to litigate the claims at issue is an adequate remedy.  *See Carolina Cas. Ins. Co. v. Condor Aerial, LLC*, 2018 WL 5668505, at *5 (N.D. Fla. July 2, 2018) (dismissing case based in part on finding, in Rule 19(b) analysis, that plaintiff "does have other forums available if this action were to be dismissed").  Plaintiff not only has an alternate forum in Italy (or even another forum, like the Bahamas), but is actively engaged in litigation in Italy where Manfredi is a party, and where a final order resolving the underlying issues between Francesco and Manfredi is forthcoming.[3]  *See* Compl. ¶ 41.  For the foregoing reasons, the Court should dismiss the Complaint for failure to join Manfredi and Heritage, required parties to this action.

## II.   Dismissal Is Proper Because Plaintiff Fails to State a Claim for Relief

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss a claim pursuant to Rule 12(b)(6) should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court need not accept allegations as true if they are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Id*.  "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement."  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (*per curiam*) (internal quotation marks omitted).  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (*per curiam*).

---

[3]  If this action is not dismissed with prejudice, Royal Caribbean reserves the right to seek a stay of proceedings or abstention pending the resolution of the Italian Action.  *See Turner Ent. Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1523 (11th Cir. 1994).

### A.      Count I fails to state a claim for relief under the Florida Uniform Fraudulent Transfer Act.

Plaintiff's Count I purports to assert a claim under the Florida Uniform Fraudulent Transfer Act ("FUFTA").  Fla. Stat. § 726.101 *et seq*.  But Plaintiff fails to allege any facts to support the most basic elements of a fraudulent transfer claim under FUFTA.  Instead, the allegations in the Complaint conclusively show that Plaintiff cannot prevail against Royal Caribbean as a matter of law because (a) Plaintiff's alleged debtor – Manfredi Lefebvre – did not make the transfer that Plaintiff claims was fraudulent and (b) all possibly relevant transfers occurred more than a decade ago, well after expiration of the statute of repose under FUFTA.[4]

#### i.      *FUFTA's elements and statute of repose*

Florida, like nearly every state, had adopted uniform laws to provide a remedy to unsecured creditors when a debtor improperly transfers assets or incurs obligations.  Florida's fraudulent transfer law in effect at the time of the transfer was its version of the Uniform Fraudulent Transfer Act, found at sections 726.101 to 726.201 of Title XLI of the Florida Statutes.[5]  Pursuant to FUFTA, an "actual fraudulent transfer" is:

> "(1) A transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or obligation was incurred, if the debtor made the transfer . . . : (a) With the actual intent to hinder, delay, or defraud any creditor of the debtor . . . ."

Fla. Stat. § 726.105(1)(a).  There are three basic elements to a claim of actual fraudulent transfer under Section 726.105(1)(a).  *First***,** a "debtor" must make a "transfer".  *Second*, the party seeking to avoid the "transfer" must be a "creditor" of the "debtor."  *Third,* the "debtor" must have made the "transfer" with the actual intent to hinder, delay, or defraud any creditor of the debtor.  To state a claim for fraudulent transfer under FUFTA, a Plaintiff must, at a minimum, allege facts in support of each of these elements.  *See Regions Bank v. NBV Loan Acquisition Member LLC*, 2022 WL

---

[4]   For avoidance of doubt, Plaintiff's claim fails for numerous other reasons and even if the Complaint was not facially and incurably deficient, Plaintiff cannot and will not prevail.  Royal Caribbean reserves any and all rights, defenses, and claims for harms caused by pursuit of this frivolous complaint.

[5]   Several states have adopted the Uniform Voidable Transfer Act to replace the Uniform Fraudulent Transfer Act, but Florida has not yet done so.

1499942, at *9 (S.D. Fla. May 12, 2022) (dismissing FUFTA claim for failure to allege facts in support of each element); Fed R. Civ. P. 8(a).[6]

Material to understanding the elements is understanding FUFTA's definitions of "debtor," "creditor," and "transfer." Section 726.101(7) defines "debtor" to mean "a person who is liable on a claim." Section 726.101(4), in turn, defines "claim" to mean "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Thus, a debtor is a person who is liable for a right to payment. Section 726.101(5) defines "creditor" to mean "a person who has a claim." Creditor is a person who holds a claim *against* a debtor. Finally, section 726.101(14) defines "transfer" to mean "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." Section 726.107(1)(b) addresses when a transfer of personal property is made. In summary, a transfer occurs when "the transfer is so far perfected that a creditor on a simple contract cannot acquire a judicial lien otherwise than under Sections 726.101-726.112 that is superior to the interest of the transferee."

Thus, in order for a plaintiff to satisfy the first and second elements of section 726.105(1)(a), the plaintiff must be a creditor of the person making the transfer to be avoided such that the transfer is so far perfected that a creditor cannot acquire a superior judicial lien.

FUFTA also contains a statute of repose. Section 726.110 provides that a claim brought under section 726.105(1)(a) is extinguished unless action is brought "within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant." Courts interpreting

---

[6]   The Eleventh Circuit has not yet addressed whether the Rule 9(b) pleading standard for fraud applies to an actual fraudulent transfer claim under FUFTA. *See Severstal Wheeling Inc. v. Lenroc Consulting, LLC*, 2021 WL 7630487, at *4 (S.D. Fla. Dec. 6, 2021). Consistent with the First, Second, and Eighth Circuits, this Court has applied Rule 9(b) to claims of actual fraudulent transfer, including as recently as last month. *See Regions Bank*, 2022 WL 1499942, at *9; *Special Purpose Accts. Receivable Co-op. Corp. v. Prime One Cap. Co*., No. 06-61055-CIV, 2007 WL 2826603, at *5 (S.D. Fla. Sept. 25, 2007). In Count I, Francesco cannot state a claim with plausibility under the basic pleading standards of Rule 8(a), let alone "with particularity" under the heightened pleading standard of Rule 9(b). *See* Fed. R .Civ. P. 9(b). For this reason, Defendant has not incorporated Rule 9(b) standards into its argument for dismissal.

this provision have held it is a statute of repose, not a statute of limitations.  *See, e.g., National Auto Serv. Ctrs. Inc. v. F/R 550, LLC*, 192 So. 3d 498, 510 (Fla. 2d DCA 2016) (concluding that section 726.110 is a statute of repose); *In re Brit. Am. Ins. Co. Ltd.*, 607 B.R. 753, 756 (Bankr. S.D. Fla. 2019) (same).

ii.     *Plaintiff alleges only that he is a creditor of Manfredi Lefebvre, who did not transfer the Silversea shares because he never owned the Silversea shares.*

The allegations in the Complaint fail to support a plausible basis for the first and second elements of actual fraudulent transfer under section 726.105(1)(a). Paragraph 55 alleges that "Plaintiff is a creditor of Manfredi and Manfredi is a debtor of Plaintiff." That allegation is consistent with paragraphs 30 through 32, alleging that in 2001 Manfredi breached a settlement agreement with Francesco, causing Francesco to sue Manfredi in Italy in 2008.  In order for the Complaint to survive a motion to dismiss, Francesco must, among other things, allege facts showing that at all relevant times Manfredi *owned* the shares in Silversea and transferred those shares to Royal Caribbean.  But Francesco's own allegations show the impossibility of his claim.

According to the Complaint, in 2001, Eurosecurities owned 100% of the stock of Silversea Cruise Holding Ltd., *i.e.*, the Silversea shares at issue.  *See* Compl. ¶ 3.  The settlement agreement required Francesco and his spouse to transfer their shares in Eurosecurities (amounting to 52.12%) to Manfredi, in exchange for Manfredi performing various obligations.  When Francesco sued Manfredi in 2008, among the relief sought was to void Francesco's transfer of shares in Eurosecurities and obtain restitution against Manfredi. *See id.* ¶ 34.

But Francesco does not allege that he was ever a creditor of Eurosecurities, the actual owner of the Silversea shares in 2001.  Moreover, while the Complaint includes allegations that (a) in 2004, Eurosecurities was liquidated and dissolved, (b) by 2009 Elle Group owned Silversea, and (c) Elle Group itself changed ownership, with Manfredi owning a majority stake, Francesco does not allege that he was ever a *creditor* of any of these entities.  *Id.* ¶ 36.

Likewise, the Complaint fails to allege that Francesco is a creditor of the entity that actually transferred the Silversea shares to Royal Caribbean. *See id.* ¶¶ 37-38. Rather, Francesco alleges that prior to July 31, 2018, the Silversea shares were transferred to Heritage.[7] *Id.* ¶ 38. But nowhere does Francesco allege that he was or is a creditor of Heritage.

---

[7]   Silversea Cruises Group Ltd. was the seller of the Silversea Shares to Royal Caribbean. Royal understands that Silversea Cruises Group Ltd. is now known as Heritage.

The Complaint is likewise void of factual allegations in support of the proposition that Manfredi *owned* the Silversea shares.  The conclusory recitations of the Section 726.105(a) elements in Plaintiff's Count I claim (for example, the reference to "Manfredi's ownership and/or control") do not make up for the lack of factual allegations in the Complaint on this subject.  *See Regions Bank*, 2022 WL 1499942, at *9 ("[A] bare recitation of the statute is not enough."); Compl. ¶¶ 59-60.  To be sure, the Complaint contains ample factual allegations, wherein Plaintiff alleges that various corporate entities – and not Manfredi – owned the Silversea shares from as far back as 2001. Compl. ¶¶ 29, 36, 38.  Allegations of ownership by these corporations does not amount to allegations of ownership by Manfredi. *See Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3rd DCA 2008) ("[T]he mere fact that Gasparini is a stockholder and officer of [corporation] does not, without more, create personal liability. The law is clear that the mere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil.").

The fact that Francesco has not been and is not today a creditor of Eurosecurities, Elle Group, or Heritage is further confirmed by Plaintiff's own filings in this District, which the Complaint shockingly omits.  In 2019, Plaintiff commenced an *ex parte* action in this District under 28 U.S.C. § 1782 to seek discovery in aid of the Italian Litigation, Case No. 19-mc-20751-MGC (the "Section 1782 Action").[8]  Francesco's memorandum of law filed in support of the 1782 Action stated that Silversea "was Eurosecurities' largest asset at the time of said transfer."  Section

---

[8]  Defendant requests that the Court take judicial notice of two documents from the Section 1782 Action: (1) Plaintiff's memorandum of law filed in support of the 1782 application, S.D. Fla. Case No. 19-mc-20751-MGC, ECF 3 ("Section 1782 Memo of Law"), attached hereto as Attachment 1, and (2) the Declaration of Salvatore Patti, which was an exhibit to the memorandum of law, S.D. Fla. Case No. 19-mc-20751-MGC, ECF 5 ("Section 1782 Declaration"), attached hereto as Attachment 2.  The Court may take judicial notice of these pleadings because they contain information that is central to the FUFTA claim in Count I, specifically, a summary of the Italian Litigation and facts showing when Plaintiff was aware of certain transfers at issue in both the Italian Litigation and the instant action.  *See* Fed. R. Evid. 201(d); *Korman v. Iglesias*, 2018 WL 4410226, at *2 (S.D. Fla. June 28, 2018), report and recommendation adopted, No. 18-21028-CV, 2018 WL 4409973 (S.D. Fla. Aug. 7, 2018), aff'd, 778 F. App'x 680 (11th Cir. 2019) (taking judicial notice of plaintiff's complaint in a previous action, and plaintiff's affidavit in a previous action).

13

1782 Memo of Law at 3.  Nowhere in that memorandum of law did Francesco state he was a creditor of Eurosecurities or any subsequent corporate owner of the Silversea shares.[9]

In summary, Plaintiff may be a (disputed) creditor of Manfredi, which explains why he has been pursuing litigation against Manfredi in Italy for over 14 years.  But Plaintiff is not a creditor of any debtor that made the transfer of Silversea shares.  Count I must be dismissed on this basis.

iii.   *Plaintiff's claim is time-barred even if he was a proper creditor with standing.*

Even if Francesco had stated a claim of actual fraud under FUFTA, his claim is time-barred.  As set forth above, section 726.110 requires a claim to be brought within four years of the transfer at issue, or, if later, one year after the transfer reasonably could have been discovered.  Fla. Stat. § 726.110(1).

In the Complaint, Francesco alleges that Eurosecurities owned 100% of the Silversea shares until 2004, when Eurosecurities was dissolved, with an entity called Vera Limited appointed as its liquidator.  Compl. ¶¶ 22, 36.  While it is not clear what happened between 2004 and 2009 with respect to assets owned by Eurosecurities, the Complaint alleges that in 2009, Elle Group acquired the Silversea Shares.  *Id.*  Even if Plaintiff was a creditor of Eurosecurities (which he never was), to seek relief under Section 726.105(a), Plaintiff would have had to seek to avoid the transfer from Eurosecurities to Elle Group within four years of 2009 in order to then attempt to avoid Royal Caribbean's acquisition of the Silvesea stock from Heritage, given that, according to the Complaint, Heritage acquired the Silversea stock from Elle Group.[10]

Moreover, Plaintiff cannot rely on the one-year savings clause in Section 726.110 because he knew of the transfer to Elle Group within the four year period of repose.  Though not disclosed in the Complaint, in the Section 1782 Action, Plaintiff's attorney in the Italian Litigation declared under penalty of perjury that, in the Italian Litigation, Francesco alleged that "Manfredi abruptly

---

[9]   Judge Cooke entered a routine order granting the *ex parte* application.  When Royal Caribbean and Manfredi each filed motions to vacate, Magistrate Judge Goodman issued a detailed report and recommendation granting the motions to vacate, *see* S.D. Fla. Case No. 19-mc-20751-MGC, ECF 58, which Judge Cooke accepted.

[10]   This is true even if a creditor of a debtor pursues a subsequent transferee.  While a creditor-plaintiff is not limited to only pursuing an initial transferee and can in appropriate circumstances pursue a subsequent transferee, it is black-letter fraudulent transfer law that the creditor-plaintiff still must prove the initial transfer can be avoided.  *See, e.g., IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 707-08 (11th Cir. 2005).

dissolved Eurosecurities and caused the capital stock of Silversea (Eurosecurities' most valuable asset) to be transferred multiple times without proper consideration to himself or entities or individuals controlled by him." Section 1782 Decl. ¶ 12.[11]

The Court need not rely on documents from the Section 1782 Action, or otherwise look beyond the four corners of the Complaint, to conclude that Count I is time-barred notwithstanding the one-year savings clause. Plaintiff alleges that the Italian Litigation has been pending since 2008. Compl. ¶ 34. As a party to the Italian Litigation, Plaintiff would have known by 2009 that whoever controlled the dissolution of Eurosecurities transferred the shares of Silversea to Elle Group. *See id.* ¶ 36. Because this transfer occurred more than four years before the filing of the Complaint, and Plaintiff does not allege any facts to indicate he only learned of the transfer to Elle Group within one year of the filing of the Complaint, any claim to avoid the sale of the Silversea shares from Heritage to Royal Caribbean is time-barred. Count I must be dismissed on this basis.

### B.      Count III fails to state a claim for unjust enrichment.

Unjust enrichment is an equitable doctrine. "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." *Guyana Tel. & Tel. Co. v. Melbourne Intern*., 329 F.3d 1241, 1245 n. 3 (11th Cir. 2003). The doctrine only applies where (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it. *See Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017) (*citing Fito v. Attorneys' Title Ins. Fund, Inc.*, 83 So.3d 755, 758 (Fla. 3d DCA 2011)).

Plaintiff failed to plead the first element of an unjust enrichment claim. Under Florida law, a claim for unjust enrichment only exists against a defendant who has received a "direct benefit" from the plaintiff. *Extraordinary Title Servs., LLC v. Fla Power & Light Co*., 1 So. 3d 400, 402 (Fla. 3d DCA 2009) (holding that a plaintiffs' payments to a defendant's subsidiary company did not constitute a direct benefit to the defendant when there were no payments directly between plaintiff and defendant, even though defendant ultimately retained a portion of the payments). A

---

[11]     The Section 1782 Declaration also discloses that by 2019 Plaintiff knew that Royal Caribbean had publicly disclosed in an October 26, 2018 Form 10-Q filed with the Securities & Exchange Commission that Royal Caribbean had purchased the Silversea Shares from Silversea Cruises Group Ltd. and not from Manfredi. Section 1782 Decl. at ¶ 18.

benefit conferred on a defendant indirectly – that is, from anyone other than the plaintiff – is insufficient to establish a claim for unjust enrichment.  *See Johnson,* 687 Fed. Appx. at 830 (affirming dismissal of unjust enrichment claim because plaintiff, "conferred (at best) an indirect benefit" on defendant).

The Complaint lacks any allegations to establish or even suggest that Francesco conferred a direct benefit on Royal Caribbean and cannot satisfy the Rule 8(a) pleading standard with respect to this element.[12]  To the contrary, in the Complaint, Francesco alleges that the benefit conferred on Royal Caribbean was ownership of Silversea capital stock, Compl. ¶ 72, and that the Silversea stock was transferred to Royal Caribbean by Manfredi (who is not a party to this action) or some company under his control and *not* by Francesco, *Id.* ¶¶ 10-13.  Moreover, Francesco alleges that he has not even had indirect possession of any Silversea shares, through his former interest in Eurosecurities, since 2001.  *Id.* ¶ 6.  Thus, pursuant to Francesco's own allegations, Francesco would have been unable to confer that benefit on Royal Caribbean.  *Id.*

Similarly, "[i]t is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy.  Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists."  *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc*., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005).  In Count III, Francesco failed to plead that he lacks an adequate legal remedy.  See Compl. ¶¶ 69-75. That Francesco does *not* lack an adequate remedy at law is underscored by the Complaint, which re-alleges the factual allegations in paragraphs 1-53 in each of Counts I through IV, and specifically alleges that the same conduct (*i.e.*, the transfer of Silversea shares to Royal Caribbean) forms the basis for Francesco's unjust enrichment claim and his nonequitable claims, including violation of FUFTA (Count I) and common law conversion (Count IV).  *See id.* ¶¶ 57, 72, 78; *see also Am. Honda Motor Co.*, 390 F. Supp. 2d at 1178 (dismissing unjust enrichment claim

---

[12]   The unjust enrichment claim is likely subject to Rule 9(b)'s heightened pleading standard, as it arises from allegations of fraud.  *See* Compl. ¶ 52 (alleging that "Manfredi and Royal Caribbean will continue to fraudulently possess and benefit from the Silversea stock"); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *8 (S.D. Fla. Aug. 18, 2021) ("[T]he unjust enrichment claim is also subject to the Rule 9(b) pleading requirements because it arises out of alleged fraudulent conduct.").  However, because Francesco fails to satisfy even Rule 8(a) by failing to adequately allege that he conferred a benefit on Royal Caribbean, his unjust enrichment claim fails under either pleading standard.

predicated on same facts as statutory-based claims for damages in same complaint).[13]  Moreover, the Complaint includes a "Jury Demand" with respect to all claims, a further admission by Plaintiff that an adequate remedy at law exists.  *See, e.g., Skytruck Co., LLC v. Sikorsky Aircraft Corp*., 2011 WL 13137386, at *4 (M.D. Fla. Nov. 15, 2011) (affirming determination by magistrate judge that unjust enrichment claim was equitable, not legal, in nature and therefore subject to trial by a court, rather than a jury).  For the foregoing reasons, Count III should be dismissed.

### C.    The Complaint fails to state a claim for conversion (Count IV) or aiding and abetting conversion (Count V).

Conversion under Florida law is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein."  *Seropian v. Wachovia Bank, N.A*., 2010 WL 2949658, at *4 (S.D. Fla. July 26, 2010) (*quoting United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009)).  To survive a motion to dismiss a claim of conversion, a plaintiff must allege "a present or immediate right of possession of the property in question."  *Id*. (*quoting United States v. Bailey*, 419 F.3d 1208, 1214 (11th Cir. 2005)).  The Complaint dances around the idea of present ownership, alleging Francesco's (a) *past indirect* right of possession of the Silversea shares before he dispossessed himself of the shares of Eurosecurities, the actual owner of the Silversea shares, more than 20 years ago in 2001, Compl. ¶ 29, and (b) a speculative *future* right to the shares pending the outcome of an ongoing proceeding in Italy to determine whether the 2001 agreement was breached prior to 2008 and the remedy for such breach, Compl. ¶ 41.

The Complaint's convoluted and incomplete allegations of transfers between siblings, ownership by foreign companies, and foreign court proceedings should not distract from the fundamental fact that – outside of a formulaic recitation of the elements of conversion in the paragraphs of Count IV – Plaintiff does not allege a present or immediate right of possession of shares in Silversea.  Counts IV and V must be dismissed on this basis.[14]

---

[13]    Francesco could not remedy this pleading deficiency by amending to plead unjust enrichment "in the alternative."  In *Am. Honda Motor Co.*, the court dismissed a claim for equitable relief pled in the alternative when the facts supporting the unjust enrichment claim also supported claims for statutory violations. 390 F. Supp. 2d at 1178. Because "no adequate legal remedy" is an essential element of an unjust enrichment claim, a Complaint cannot allege that an adequate remedy exists at law, and, in the alternative, allege that there is no adequate legal remedy for the same conduct. *Id.*

[14]    As alleged by Francesco, the claims of conversion and aiding and abetting conversion are subject to the Rule 9(b) pleading standards as they "rely on averments of fraud," specifically those contained in paragraph 52 of the Complaint.  *Valiant Servs. Grp., LLC v. Com. Works, Inc.*,

Likewise, Plaintiff's allegations about what Royal Caribbean knew or should have known, or what Plaintiff told Royal Caribbean, about competing claims of interest in Silversea are irrelevant to the conversion claim. "The essence of the tort is not the acquisition of the property; rather, it is the wrongful deprivation." *Nat'l Union Fire Ins. Co. of Pa. v. Carib. Aviation, Inc.*, 759 F.2d 873, 878 (11th Cir. 1985). A defendant's state of mind during the acquisition is not an element of a conversion claim. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) ("[Conversion]  may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action."). Here, regardless of what Royal Caribbean knew or was told, Plaintiff failed to allege that he is currently deprived of property in which he has a present ownership interest. For these reasons, Plaintiff's conversion claim should be dismissed.

For the same reasons, the claim for aiding and abetting conversion should be dismissed. *See Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, N.A.*, 2015 WL 12862724, at *5 (S.D. Fla. Aug. 20, 2015) (dismissing claims for conversion and aiding and abetting conversion and holding "in order to state a claim for aiding and abetting conversion, a plaintiff must include allegations relating to the underlying conversion") (*citing  Lawrence v. Bank of Am., N.A.*, 455 Fed. Appx. 904, 907 (11th Cir. 2012)).

**D.      Plaintiff is not entitled to declaratory relief (Count II).**

In an action such as this where the Court has subject matter jurisdiction based on the parties' diversity of citizenship, federal law applies to procedural matters and Florida law applies to substantive matters. *See McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir.2001) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "Florida's Declaratory Judgment Act, found in Chapter 86 of the Florida Statutes, is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016) (applying federal law related to the US Declaratory Judgment Act to a claim brought under the Florida Declaratory Judgment Act). Because the Florida Declaratory Judgement Act is procedural as opposed to substantive, the Court

---

2022 WL 738471, at *1 (M.D. Fla. Jan. 24, 2022) (dismissing conversion claim that "sound[s] in fraud," as it relies on allegations of a fraudulent scheme). But, as with the FUFTA and unjust enrichment claims, the Complaint fails to satisfy the basic pleading requirements of Rule 8(a).

should construe Plaintiff's § 86 claim as a claim for declaratory relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

The Declaratory Judgment Act is jurisdictional insofar as it "vests district courts with discretion to dismiss declaratory suits when, in their best judgment, the costs outweigh the benefits." *James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1059 (11th Cir. 2022). Pursuant to the Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The Act thus makes an explicit "textual commitment to discretion." *James River Ins. Co.*, 34 F.4th at 1059 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). So while federal courts normally have an "unflagging obligation to exercise our jurisdiction, where declaratory judgments are concerned this imperative "yields to considerations of practicality and wise judicial administration." *Id.* at 1059.

The Court's "discretion" is the basis for dismissal of a claim for declaratory judgment. *Brodsky v. USAA Gen. Indem. Co.*, 2020 WL 231189, at *2 (S.D. Fla. Jan. 15, 2020) ("Courts have discretion in deciding whether to allow a declaratory action to proceed."). "The only relevant inquiry in a motion to dismiss a declaratory-judgment action is whether or not the plaintiff is entitled to a declaration of rights." *Id.* Francesco seeks a declaration from the Court that "Plaintiff is entitled to 52.12% of the Silversea assets." Compl. ¶ 65.

A plaintiff is not entitled to a declaration of rights to afford the same relief a plaintiff can secure from other claims in a complaint. *See Sanchez v. Team Health, LLC*, 2021 WL 4990803, at *11 (S.D. Fla. Mar. 31, 2021) (dismissing declaratory judgment claim that was duplicative of breach of contract claim). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *Id.* (internal quotation marks omitted). The Court should dismiss Count II because Francesco would be able to obtain the declaratory relief requested – a determination of Francesco's entitlement to 52.12% the Silversea shares – in a well-pled count for conversion or unjust enrichment. This is true even though the claims subsuming Francesco's declaratory judgment count are themselves inadequately pled and must be dismissed. *See, e.g., Dixon v. Lexington Ins. Co.*, 2020 WL 5038767, at *2 (S.D. Fla. Jan. 27, 2020) (dismissing a declaratory judgment count "as duplicative of [a] breach of contract count" while also dismissing the breach of contract count).

Case law from this District also supports dismissal of declaratory judgment claims seeking resolution of factual disputes. *Girard v. Am. Sec. Ins. Co.*, 2016 WL 4264054, at *3 (S.D. Fla. Aug. 12, 2016). By Francesco's own allegations, he seeks the resolution of an unresolved factual dispute: *i.e.*, that he was entitled to 52.12% of Silversea because Manfredi did not comply with some of his obligations under the Settlement Agreement, rendering it void *ab initio*. *See* Compl. ¶¶ 41; 66 ("The declaration concerns . . . a present controversy as to a state of facts."); *Girard*, 2016 WL 4264054, at *2 ("Plaintiff's claim for declaratory relief must be dismissed because it seeks to resolve a factual or evidentiary issue, and does not amount to a bona-fide controversy between the parties."). Francesco admits there is no final order resolving this issue in his favor that the Court can simply interpret. The Court should dismiss Count II because Francesco improperly seeks declaratory relief to resolve a disputed factual issue.

## CONCLUSION

WHEREFORE, Defendants respectfully request the Court dismiss the Complaint with prejudice and grant such further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties affected by the relief sought in this motion in a good faith effort to resolve the issues, but the parties were unable to reach a resolution.

DATED:  June 15, 2022                      Respectfully submitted,


QUINN EMANUEL URQUHART & SULLIVAN LLP

By *Olga M. Vieira*
_____
John B. Quinn (*pro hac vice* application pending)
Olga M. Vieira (Fla. Bar No. 29783)
Samuel G. Williamson (Fla. Bar No. 1033817)
Erica L. Perdomo (Fla. Bar No. 105466)
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
johnquinn@quinnemanuel.com
olgavieira@quinnemanuel.com
samwilliamson@quinnemanuel.com
ericaperdomo@quinnemanuel.com
(305) 496-2988

*Attorneys for Defendant Royal Caribbean Cruises Ltd.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 15th day of June, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system.

By: *<u>/s/ Olga M. Vieira</u>*
Olga M. Vieira
Fla. Bar No. 29783
olgavieira@quinnemanuel.com