UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 22-21629-CIV-MORENO

FRANCESCO LEFEBVRE D'OVIDIO,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

Royal Caribbean Cruises, Ltd. is an in-state defendant who removed this case prior to being served, citing the Court's diversity jurisdiction. Ordinarily, the forum defendant rule precludes in-state forum defendants, like Royal Caribbean, from removing cases on the basis of diversity jurisdiction. But Royal Caribbean contends removal is proper because it had not yet been served as set forth in 28 U.S.C. § 1441(b)(2). The Court does not agree that § 1441(b)(2) allows this "snap removal." The timing of service of process is inconsequential in a case where the only defendant is an in-state defendant, who had advance notice of the lawsuit and where the Plaintiff had no opportunity to serve process before the removal. To the extent § 1441(b)(2) creates an exception to the forum defendant rule, it does not apply in this case. Remand is proper.

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand **(D.E. 14)**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and this case is REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of the

Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action. It is also

**ADJUDGED** that all other pending motions are DENIED as moot.

## I. Background

This case arises from a family dispute between two brothers in Italy. Plaintiff, Francesco Lefebvre D'Ovidio, claims he is the rightful owner of capital stock in Silversea Cruise Holding, Ltd., which he claims his brother Manfredi Lefebvre unlawfully sold to Defendant Royal Caribbean Cruises, Ltd. On May 23, 2022, Plaintiff filed his complaint arising out of Florida law in state court against Royal Caribbean, which is a Florida citizen. The next day on May 24, 2022, Plaintiff filed an unsigned summons in state court requesting it issue a signed copy so that Plaintiff could initiate service. Florida's filing system does not permit a filer to file a summons until a case number has been issued, which did not occur until May 24, 2022. On May 26, 2022, before the state court clerk signed the summons, Defendant removed the case citing the Court's diversity jurisdiction. The state court signed the summons six days later on June 1, 2022.

The parties' conduct prior to the filing of the complaint is relevant to the resolution of the motion for remand. Both sides have submitted declarations of their representatives for the Court. Marc V. Ayala, a partner at the law firm Boies Schiller Flexner, LLP, described the parties' pre-suit exchanges on behalf of the Plaintiff. Mr. Ayala provided the Court with the actual email exchanges between the parties. Royal Caribbean's Associate Vice President and Assistant General Counsel Ernesto M. Rubi described the events from the Defendant's perspective. The following facts are drawn from both declarations.[1]

---

[1] The Eleventh Circuit has adopted a flexible approach allowing district courts to consider post-removal evidence in assessing removal jurisdiction. *Sierminski v. Transmouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Pre-suit discussions began on January 24, 2022, when Plaintiff sent a letter to Defendant's counsel explaining the basis for the claims and inquiring if Defendant "has an interest in discussing a potential resolution." On February 3, 2022, the parties discussed Plaintiff's claims by phone and Plaintiff suggested mediation. Plaintiff again reached out to Defendant and the parties had a second call on March 2, 2022. On March 11, 2022, Plaintiff reached out again to try to resolve his claims.

The parties had calls on March 17 and 18, 2022, and Plaintiff informed Defendant that he was under time pressure to file the complaint due to the statute of limitations. On March 18, 2022, Defendant requested a draft complaint to decide whether to mediate. Plaintiff provided a draft complaint on March 22, 2022, on the condition that Defendant provide 72 hours notice if it was going to file its own complaint. Defendant notes that this draft complaint is stamped "subject to change." The parties spoke again on April 12, 2022 and Plaintiff again advised of the pending statute of limitations. On April 14, 2022, Plaintiff followed up via email noting that he remained interested in mediating, but if Defendant was not, he would file his complaint "this coming week." Ayala Decl. at ¶ 18, Ex. D at 15.

On April 19, 2022, Defendant responded that it was willing to mediate and Plaintiff drafted a tolling agreement to facilitate mediation. On April 25, 2022, Plaintiff provided a "strike and rank list" of neutral mediators, and the tolling agreement. Defendant did not respond and did not provide its own list of neutral mediators. On May 6, 2022, Plaintiff followed up stating that if Defendant was not prepared to enter the tolling agreement, he would need to proceed accordingly. Not having reached agreement, Plaintiff told Defendant on May 12, 2022, that he would be filing the complaint the next day. That next day, however, Mr. Ayala and Mr. Rubi discussed the tolling agreement and whether Manfredi Lefebvre was a necessary party. Plaintiff

responded that no other parties were needed but agreed to an extension until May 17. When Defendant asked for more time to allow Manfredi Lefebvre's counsel to provide feedback on the mediation and tolling agreement, Plaintiff told Defendant on May 20: "We have made every effort to avoid litigation, and have given you many delays and accommodations. If we do not have a tolling agreement in place by Monday morning, we will have no alternative but to go forward." Ayala Decl., Ex. D at 6. Receiving no response, Plaintiff filed the complaint on May 23, 2022. On the next day when the case number was issued by the clerk, Plaintiff requested the clerk sign the copy of the summons so that Plaintiff could initiate service. Before the summons was signed by the clerk and before service of process, the Defendant removed the case on May 26, 2022. This "snap removal" is at issue in the Plaintiff's motion for remand.

## II. Legal Standard and Analysis

A defendant may remove a case from state court to federal court if the district court would have original jurisdiction. Defendant, Royal Caribbean Cruises, Ltd. removed this case based solely on the Court's diversity jurisdiction. There is no question that the parties are completely diverse and that the amount-in-controversy requirement is satisfied. But original jurisdiction is not always enough. There are additional hurdles to remove a diversity case to federal court, which are at issue in this case and codified at 28 U.S.C. § 1441(b)(2). When removing solely for diversity jurisdiction, a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This provision, known as the forum defendant rule, "ordinarily preclude[s] removal based on diversity when there are in-state defendants," who are joined and served. *Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286, 1288 (N.D. Ala. 2019). The statute creates an exception to allow removal before there is service of process. That exception to the forum defendant rule is known as "snap removal," which is a litigation tactic where the

4

defendant can bypass the forum defendant rule found in § 1441(b)(2) by removing a case before service. *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1377 (N.D. Ga. 2018). This is the issue in the Plaintiff's motion for remand.

The parties ascribe different readings to the statute. Defendant argues the forum defendant rule does not bar removal of this action because it, Royal Caribbean, was not served before it removed the case. It argues under *Goodwin v. Reynolds*, 757 F.3d 1216, 1220-21 (11th Cir. 2014) that 28 U.S.C. § 1441(b) creates an exception to the rule, which permits in-state forum defendants to remove a case before being served. And there is no question here that Plaintiff had not yet served Royal Caribbean (indeed, it had not had an opportunity to do so). By contrast, Plaintiff argues the plain language of § 1441(b) precludes removal by a forum defendant, where, as here, *no* defendant was served prior to removal and the forum-defendant, Royal Caribbean, is the *only* defendant. There is no question here that had Plaintiff served Royal Caribbean, it would not have been able to remove the case under the forum defendant rule.

The specific question in this case is whether § 1441's exception to the forum defendant rule allows removal where the only defendant is an in-state defendant, who had advance notice of the complaint's filing and removed the case before Plaintiff even had an opportunity to serve process. In deciding this issue, the Court is mindful that it must construe the removal provisions narrowly. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). Defendant bears the burden of showing removal is appropriate. *Id.*

There are two interpretations of the statute in play. Defendant's reading is a more simplistic one: the forum defendant rule does not preclude removal because it had yet to be served. Defendant urges that *Goodwin* stands for this proposition. In *Goodwin*, however, the Eleventh Circuit noted the propriety of the removal was not at issue on appeal. The Eleventh

Circuit, however, gave a strong indication in *dicta* that if the issue presented, it would not "tie the district court's hands in the face of gamesmanship on the part of the Defendants." *Goodwin*, 757 F.3d at 1221. Under Plaintiff's interpretation of the statute, the exception to the forum defendant rule is only triggered when there are multiple defendants and at least one has been served. It argues the exception does not apply here where there is only one in-state defendant, and the forum defendant rule applies to bar removal of this action. Other courts have considered what happens if *no* parties are joined and served, as is the case here. *Gentile v. Biogen Idec., Inc.*, 934 F. Supp. 2d 313, 317 (D. Mass. 2013) (stating that "[m]any courts have refused to honor removal in the particularly egregious case of removal by a forum defendant prior to service.").

Citing *Gentile*, Plaintiff argues that "the statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of 'any' superfluous." 934 F. Supp. 2d at 318 "'Any' [] means 'one or more indiscriminately from all those of a kind.' Inherent in the definition is some number of the 'kind' from which the 'one or more' can be drawn." *Id.* (quoting Webster's Third New International Dictionary 1536 at 97 (3d ed. 1986)). Courts have found that § 1441(b) conditions removal on some defendant being properly joined and served. *Id.*; *Bowman*, 423 F. Supp.3d at 1289 ("[U]nder this interpretation of the statute, when there is an in-state defendant, at least one defendant must have been properly joined and served before removing for diversity.")

Courts have also found the word "joined" implies that the exception to the forum defendant rule applies only where there are two or more defendants – where one is in-state and one is out-of-state. *See Allen v. GlaxoSmithKline, PLC*, No. 07-5045, 2008 WL 2247067, at *5 (E.D. Pa. May 30, 2008) ("Because the operative phrase is 'joined and served' and not 'named and served' or simply 'served,' the statute contemplates a situation in which one defendant is

6

joined to another defendant, presumably an in-state defendant joined to an out-of-state defendant."). Per *Allen's* reading, the "'joined and served' language therefore can apply only when there are multiple named defendants." *Id.* Section 1441(b) lends further support to this interpretation because it references "defendants" in the plural implying that the service requirement applies when there are multiple defendants.

Defendant Royal Caribbean is the *only* defendant in this case and it is an in-state forum defendant, which means that under this interpretation, the statutory exception to the forum defendant rule would not apply in this case to allow removal. There are no other defendants, let alone any other served defendants that would trigger the exception to the forum defendant rule to allow a proper removal. Having found the exception does not apply, the Court finds the forum defendant rule bars removal of this action.

Even if the statutory text were not enough to compel remand, Plaintiff's interpretation of § 1441(b) is consistent with the removal statute's purpose and the fundamental tenets of diversity jurisdiction. Courts "favor an interpretation that furthers the manifest purpose of a statute so long as the interpretation is textually permissible." *United States v. Spoor, Trustee*, 838 F.3d 1197, 1204 (11th Cir. 2016). Congress devised the removal statute and diversity jurisdiction to protect out-of-state defendants from homegrown state juries. Consistent with the removal scheme, the Court concludes that "service on at least one defendant is required prior to removal. . . There is no conceivable reason why Congress would condition a forum defendant's ability to remove a diversity case on the timing of service." *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1370 (N.D. Ga. 2011); *see also Allen*, 2008 WL 2247067, at *4 ("There is no sound reason to conclude that the purpose of the 'joined and served' requirement is to allow unserved, in-state defendants to remove the action.").

This begs the question of why Congress included the "joined and served" language in the first place. By passing this exception to the forum defendant rule, Congress intended to prevent plaintiffs from eluding federal jurisdiction by simply naming forum defendants that they did not intend to serve, a practice known as fraudulent joinder. *Deutsche Bank Nat'l Trust Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1014 (D. Nev. 2021) (holding that § 1441(b)(2) is "a section that provides a narrow carve-out to the forum defendant rule to protect defendants against gamesmanship from plaintiffs who fraudulently join a defendant to improperly prevent removal."). Defendant's interpretation requests the Court take this "narrow carve-out" and turn the removal statute on its head, which was devised to protect *out-of-state* defendants from litigation in state courts. The Court, therefore, agrees with Plaintiff that § 1441(b) requires at least one defendant to be served, and in a case, such as this, where there is only one in-state defendant, the exception to the forum defendant rule does not apply at all.

The facts here also favor remand. The only reason this case is in federal court in the first place is because the Plaintiff provided advance copies of the complaint to Defendant and provided a timeframe for filing. For various months, the parties had ongoing discussions about the case and whether to mediate. Even if that were not the case, and Defendant happened to stumble upon the case when it monitored the state court docket, the state court delayed in issuing the signed summons, which allowed the Defendant a short window to remove. *Gentile*, 934 F. Supp. 2d at 322 (finding removal improper when a state court's rules created a delay in issuing the summons and plaintiff had no opportunity to serve forum defendant before removal). Like in *Gentile*, Plaintiff did not have an opportunity to serve the only defendant in this case given the state court's rules for issuing summonses. Defendant's purported right to be in federal court was based on a technicality and Defendant's argument that the filed complained differed from the

draft it received is of no moment. The point is it had notice and was able to take advantage of the delay in the state court's issuance of the signed summons to remove the case. *See Goodwin*, 757 F.3d at 1221-22 (stating it would not tie the district court's hands in the face of gamesmanship by the forum-defendant who removed before being served). Surely, in this context, remand is proper.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd of November 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Clerk of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida